UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PERCIVAL DYER, § § Plaintiff, § VS. § § CAPITAL ONE NATIONAL § ASSOCIATION; cp CAPITAL ONE § FINANCIAL CORPORATION,, § § Defendants. § | CIVIL ACTION NO. 4:20-CV-4230 |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Remand filed by Plaintiff, Percival Dyer ("Dyer"), (Dkt. 11).[1] After careful consideration of the pleadings; the motion, response, and reply briefing; the entire record and docket of this case; the dockets of related cases; and the applicable law, the Court **DENIES** the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

This dispute is before the Southern District of Texas for the second time. On August 20, 2019, Dyer, proceeding *pro se*, sued Defendant, Capital One National Association ("Capital One"), in Texas state court. (Dkt. 1-2 at p. 3). Dyer alleged that she had checking, savings, credit card, and investment accounts with Capital One and that Capital One "maliciously closed all [these] accounts . . . and failed to adequately respond to any correspondences over more than twenty-three months." (Dkt. 1-2 at p. 3).

---

[1] Except where otherwise noted, all docket citations are to the docket for this cause number, 4:20-CV-4230.

Capital One removed the case to this Court under the diversity jurisdiction statute, 28 U.S.C. § 1332, and the case was assigned to Judge Gray Miller. *See* Southern District of Texas case number 4:19-CV-3619 at docket entry 1. Dyer filed a response to Capital One's notice of removal that was effectively a motion to remand. *See* Southern District of Texas case number 4:19-CV-3619 at docket entry 13. Dyer argued that she was seeking damages of roughly "five thousand dollars annually in interests [sic], etc." and that these "damages, based on [her] pleadings, are far below the $75,000 threshold required for the removal of the cause of action to federal court[.]" *See* Southern District of Texas case number 4:19-CV-3619 at docket entry 13, page 2. The motion was deemed well-taken; Capital One ultimately "concede[d]" that, based on Dyer's pleading, the amount in controversy was "far less" than the jurisdictional minimum of $75,000, and Judge Miller entered an order remanding the case to Texas state court. *See* Southern District of Texas case number 4:19-CV-3619 at docket entry 16.

Once back in state court, Dyer hired an attorney and amended her state-court pleading specifying damages just below the minimum of $75,000 for federal court diversity jurisdiction to apply to this action. The pleading sought "$70,000 in personal monetary losses, economical business losses, attorney fees, court costs, pre and post interest, at the highest rate allowed by law, as well as any and all other relief to which the Plaintiff is entitled[.]" (Dkt. 1-2 at pp. 6–7).

One year and 3 months after the action was originally filed, Dyer filed a second amended pleading in state court. This pleading seeks damages almost three times and as much as fourteen times greater than the damages sought in the previous complaint. (Dkt.

1-2 at pp. 8–15). Just like Dyer's earlier pleadings, the second amended pleading complains of Capital One's closure of six checking, savings, credit card, and investment accounts. (Dkt. 1-2 at pp. 3, 5, 9). Using these same factual allegations, Dyer asserts new causes of action seeking "monetary relief over $200,000 but not more than $1,000,000" in damages. (Dkt. 1-2 at pp. 8–12).

Capital One again removed the case to this Court on the basis of diversity jurisdiction. (Dkt. 1). After the case was removed, Dyer filed a third amended pleading in state court. This pleading ostensibly decreases the damages Dyer seeks to an amount below the Court's $75,000 diversity jurisdictional limit. *See* 55th Judicial District Court of Harris County, Texas, case number 2019-57936, filing dated December 18, 2020. While the pleading states that "[Dyer] seeks "monetary relief over $50,000 but not more than $75,000" it also leaves open the possibility that she is really seeking much more than that amount from Capital One.  In addition to the language quoted above the pleading states, without any qualification, that in this action "[Dyer] seeks monetary relief over $100,000." *See* 55th Judicial District Court of Harris County, Texas, case number 2019-57936, filing dated December 18, 2020.

Dyer has now filed another motion to remand in this Court arguing that (1) the Court lacks jurisdiction to hear this case because the parties are not diverse and the amount-in-controversy requirement is not met; and (2) that the "removal [wa]s untimely because [Capital One] was served over a year ago, filed an answer, and has participated in discovery in state court." (Dkt. 11). The Court considers these arguments below.

## ANALYSIS

### Diversity Jurisdiction

Dyer's first two arguments for remand implicate the question of whether this Court has subject matter jurisdiction over this case. A defendant may remove to federal court a state court civil action over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a); *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Conversely, a state case over which the federal court would not have original jurisdiction is not removable. *Halmekangas v. State Farm Fire and Casualty Company*, 603 F.3d 290, 295 & n.19 (5th Cir. 2010). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The removing party bears the burden of establishing by a preponderance of the evidence that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Capital One removed this case under the diversity jurisdiction statute, which provides that federal courts have original jurisdiction over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). Dyer argues that Capital One has not established either that the parties are diverse or that the amount in controversy exceeds the jurisdictional minimum. The Court disagrees with Dyer.

*A. Citizenship*

Diversity of citizenship exists between parties if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254,

1258 (5th Cir. 1988). A natural person like Dyer is a citizen of the state in which that person is domiciled, meaning the state in which the person resides with the intention of remaining there for an unlimited time. *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985). A national banking association like Capital One "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). As the United States Supreme Court has held, a national banking association is *not* "a citizen of every State in which it has established a branch[.]" *Id*. Accordingly, diversity of citizenship exists here, as Dyer is a citizen of Texas and Capital One is a citizen of Virginia. (Dkt. 1 at pp. 3–4; Dkt. 1-2 at p. 3.

   B.  *Amount in Controversy*

A defendant meets its burden of establishing the requisite amount in controversy for diversity jurisdiction if: "(1) it is apparent from the face of the petition that the claims exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723. "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

Here, at the time of removal, Dyer's live pleading sought, in accordance with a prior version of Texas Rule of Civil Procedure 47, "monetary relief over $200,000 but not more than $1,000,000." (Dkt. 1-2 at p. 8). "That allegation alone provided federal

removal jurisdiction." *Torres v. Allstate Fire and Casualty Insurance Company*, No. 4:20-CV-1720, 2020 WL 3077932, at *1 (S.D. Tex. June 10, 2020). Dyer's post-removal amended pleading did not deprive this Court of jurisdiction and would not have done so even if it had been filed in this Court instead of in state court. *Id*.; *see also Gebbia*, 233 F.3d at 883. Accordingly, Capital One has established that the Court has subject matter jurisdiction over this case.

### The One-Year Limit on Removal

Next Dyer argues that Capital One's "removal [wa]s untimely because [Capital One] was served over a year ago, filed an answer, and has participated in discovery in state court"—a reference to the one-year removal bar found in 28 U.S.C. § 1446(c). (Dkt. 11 at p. 3). The Court finds that the one-year bar does not apply to preclude removal because Dyer acted in bad faith by concealing information relevant to the actual amount in controversy in order to prevent removal.

Under the one-year removal bar, a case may not be removed under the diversity jurisdiction statute more than one year after the case's commencement "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). If the Court "finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith." *Id*. at § 1446(c)(3)(B). "Congress did not intend plaintiffs, through gimmicks and artful maneuvering used in connection with the one year bar to removal, to straightjacket or deprive nonresident defendants of their legitimate entitlements to removal." *Saunders v. Wire Rope Corp.,* 777 F. Supp. 1281, 1284 (E.D.

Va. 1991).

The defendant has the burden of showing that the plaintiff acted in bad faith to prevent removal based on a federal court's diversity jurisdiction within one year after the case's commencement. *Boney v. Lowe's Home Centers LLC*, No. 3:19-CV-1211, 2019 WL 5579206, at *2 (N.D. Tex. Oct. 29, 2019). Conduct rises to the level of bad faith when that conduct amounts to "manipulation of the removal statute" or a "transparent attempt to avoid federal jurisdiction." *Id*. (quotation marks omitted); *see also Vallecillo v. Wells Fargo Home Mortgage Financial, Inc.*, No. 5:16-CV-935, 2017 WL 9935522, at *2 (W.D. Tex. Sept. 18, 2017). Bad faith can generally be inferred from amendment of a pleading outside of the statutory bar where the plaintiff has not provided a "reasonable justification" for the delay. *Vallecillo*, 2017 WL 9935522 at *3; *Barnett v. Sylacauga Autoplex*, 973 F. Supp. 1358, 1367 (N.D. Ala. 1997); *Hill v. Allianz Life Insurance Company of North America*, 51 F. Supp. 3d 1277, 1282 (M.D. Fla. 2014), *aff'd*, 693 Fed. App'x 855, 856 (11th Cir. 2017); *Ford-Fisher v. Stone*, No. 2:06-CV-575, 2007 WL 190153, at *4 (E.D. Va. Jan. 22, 2007); *see also Wilson*, 2020 WL 355192 at *5 ("[C]ourts routinely find bad faith where plaintiffs seek to amend their complaints after the one-year removal window has expired to claim damages more than $75,000[.]").

Here, Capital One has established that Dyer acted in bad faith to prevent the removal of this action within a year after its filing in state court. First, Dyer specifically pled that her damages did not exceed $75,000 after Capital One had tried to remove this case to federal court. Thus Dyer did so knowing that her pleading is entitled to deference by a district court and has important legal consequences regarding federal removal

jurisdiction. This pleading was not only sufficient to maintain jurisdiction in state court but was also an affirmative representation to this Court and Capital One that federal jurisdiction did not exist. *See Hill*, 51 F. Supp. 3d at 1282.

Then Dyer waited just over three months after the one-year removal window had run to amend her pleading increasing the damages sought by nearly three times to as much as fourteen times greater than the amount she was previously seeking. Dyer offers no credible rationale for the timing of this drastic increase.[2] Moreover, the second amended pleading contains no additional information that would warrant such an increase. *Id*. The alleged factual basis for all of Dyer's various pleadings and claims, which assert damages ranging from approximately $5000 to $1 million are essentially the same and have remained so during the pendency of this action. Nor does the record reflect Dyer's discovery of any material facts after the one-year window for removal had closed warranting such an increase. The record reflects that Capital One's contacts with

---

[2] While her argument is unclear, Dyer appears to assert that seeking damages in excess of $75,000 in the second amended pleading was an error by her attorney. Dyer explains that:

> Plaintiff retained new counsel, and new counsel amended Plaintiff's pleading by adding new causes of action. The amount in controversy was in excess of the $75,000 amount and at the time of filing Plaintiff's new attorney was not aware of any previous removals on this case. Once the case was removed Plaintiff attempted to resolve the amount in controversy issue but was unable to file any additional documents in State court due to the Order of Removal.
> Dkt. 23 at pp. 3–4.

However, in light of her third amended pleading, stating that "[Dyer] seeks monetary relief over $100,000" and filed in state court *after* Capital One's second notice of removal, the Court finds that this argument is not credible. Furthermore, even if this alleged mistake had been made by Dyer, *pro se*, it still does not constitute a reasonable justification to negate an inference of bad faith from a plaintiff's pleading "more than doubling the amount in controversy after the one-year limitation on removal[.]" *See Vallecillo v. Wells Fargo Home Mortgage Financial, Inc.*, No. 5:16-CV-935, 2017 WL 9935522, at *3 (W.D. Tex. Sept. 18, 2017).

Dyer and her lawyers gave it no reason to suspect that the damages sought were higher than $75,000 until the filing of Dyer's second amended pleading.

Finally, after the case was removed for a second time, Dyer attempted to amend her pleadings again, via a third amended pleading filed in state court, to reduce the damages sought to an amount that would allow her to stay in state court. As noted above, while this pleading states that Dyer's damages are sufficient to maintain jurisdiction in state court, it also leaves open the possibility that Dyer is seeking damages that are considerably larger than the Court's diversity jurisdictional limit. Considering this record, there is no plausible reason for the drastic increase then ostensible decrease in the damages pled after the one-year window for removal closed, other than Dyer's bad faith attempts to manipulate the removal statute and remain in state court. The Court finds that Dyer deliberately failed to disclose the actual amount in controversy to prevent removal and continued to do so right up to her filing of the third amended complaint in state court after this case had already been removed. Through § 1446(c)(3)(B), Congress intended to stop just this sort of gamesmanship and forum shopping. *See Barnett*, 973 F. Supp. at 1367. "Because bad faith can generally be inferred from amendment outside of the statutory bar, and [Dyer] ha[s] failed to negate the inference with a reasonable justification for more than doubling the amount in controversy after the one-year limitation on removal, the Court finds that [Dyer] ha[s] acted in bad faith to prevent the removal of this case." *Vallecillo*, 2017 WL 9935522, at *3. Accordingly, the Court finds that Capital One's removal is timely and not precluded by the one-year bar.

## CONCLUSION

The Court finds that Capital One has carried its burden to establish that federal jurisdiction exists in this case and that removal was proper. The Court has diversity jurisdiction over this action, the one-year bar on removal does not apply, and the motion to remand (Dkt. 11) is **DENIED.**

SIGNED at Houston, Texas, this 23rd day of August, 2021.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE