United States District Court
Southern District of Texas
**ENTERED**
May 22, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PERCIVAL DYER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-4230 |
| § | |
| CAPITAL ONE NATIONAL § | |
| ASSOCIATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Capital One National Association's Motion for Summary Judgment. (Dkt. 80). No response was filed in opposition to the motion. After careful consideration of the motion, the entire record, and the applicable law, the Court GRANTS the motion.

## FACTUAL BACKGROUND

Plaintiff Percival Dyer held multiple accounts with Capital One, including Capital One 360 checking and savings accounts, Capital One Essential checking and savings accounts, a Capital One Investing account, and three Capital One credit card accounts. (Dkt. 80-1 at 3). Each account was subject to a user agreement that allowed Capital One to close the account at any time, for any reason permitted by law. (Dkts. 80-1 at 4; 80-2; 80-3; 80-4; 80-5; 80-6; 80-7; 80-9).

Starting in June 2016, Capital One observed unexpected patterns of activity in three of Dyer's accounts—specifically, balance transfers totaling $267,838.85. (Dkt. 80-1 at 6).

1

Capital One determined this activity was "outside of Capital One's risk tolerance parameters." (Dkt. 80-1 at 6). Acting upon its risk perception, Capital One closed all of its accounts with Dyer. (Dkt. 80-1 at 6).

Following the account closures, Dyer contacted Capital One, claiming that (1) the closures resulted from a phone call between her and Capital One on August 8, 2017, and (2) the accounts were closed improperly. (Dkts. 80-14; 80-15; 80-16; 80-17). Capital One responded with letters stating that the accounts were closed based on unexpected usage and not due to the August 8, 2017, phone call. (Dkts. 80-18; 80-19; 80-20). Dyer sent further correspondence about the closures to Capital One (Dkt. 80-23) and also to the Consumer Financial Protection Bureau (Dkts. 80-21, 80-23). Capital One responded, refusing to reopen the accounts. (Dkt. 80-22).

## PROCEDURAL BACKGROUND

Dyer filed suit against Capital One on August 20, 2019, in the 55th Judicial District Civil Court in Harris County, Texas (Dkt. 1-2 at 3). In her second amended petition, now the operative pleading, Dyer alleges violations of the Texas Deceptive Trade Practices Act ("DTPA"), breach of fiduciary duty, and violations of the Texas Debt Collection Act ("TDCA"). (Dkt. 1-2 at 8).

Capital One removed the case to this Court on December 14, 2020. (Dkt. 1 at 4). The parties filed a Joint Discovery Case Management Plan laying out their proposed discovery, including interrogatories, depositions, and other written discovery. (Dkt. 26). Discovery proceeded in the case, including written discovery and Dyer's deposition. (Dkts. 80-26; 80-27; 80-28; 80-29; 80-30). Dyer's attorney filed two motions to withdraw as

counsel, each based on a breakdown in communication between attorney and client, on September 29, 2021, and on December 22, 2022. (Dkt. 78). The second motion included the additional information that Dyer had failed to appear at the second day of her scheduled deposition. (Dkt. 78). The Court granted the second motion. (Dkt. 84).

Capital One's motion asserts that Dyer has no evidence to support her claims. (Dkt. 80-1). Dyer did not respond to Capital One's motion.[1] The Court considers Capital One's arguments below.

## LEGAL STANDARD

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court must determine whether the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations and internal quotations omitted). In deciding whether a genuine and material fact issue has been created, the Court must review the facts and the

---

[1] The Court may not simply grant a dispositive motion as unopposed; it must consider the merits of the motion. *Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012) (citing *John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985)). The Court, however, is not required "to survey the entire record in search of evidence to support a non-movant's opposition." *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996).

inferences to be drawn from those facts in the light most favorable to the non-movant. *See Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

## ANALYSIS

### A.     The Deceptive Trade Practices Act Claim

The Court grants summary judgment for Capital One on Dyer's DTPA claim. To prevail on her DTPA claim, Dyer must demonstrate that (1) Dyer is a consumer, (2) Capital One engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of Dyer's damages. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). Dyer's DTPA claim fails because Dyer's financial relationships with Capital One do not create the DTPA's necessary "consumer" status, nor is there any evidence of false, misleading, or deceptive acts on the part of Capital One.

First, the borrowing of money in general does not give rise to consumer status under Texas law because "money is not [] a 'good'" and "the DTPA's use of the word 'services' d[oes] not include the extension of credit, or the borrowing of money." *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174-75 (Tex. 1980). The same is true of credit card accounts, which do not support DTPA consumer status. *See Cushman v. GC Services, LP*, 657 F. Supp. 2d 834, 842 (S.D. Tex. 2009), *aff'd sub nom Cushman v. GC Services, L.P.*, 397 Fed. App'x. 24 (5th Cir. 2010) (applying Texas law to hold that plaintiff's American Express card account did not give rise to consumer status for purposes of the DTPA).

Services provided by a bank in connection with a checking account may be within the scope of the DTPA under certain circumstances. *See La Sara Grain Co. v. First Nat. Bank of Mercedes*, 673 S.W.2d 558, 564 (Tex. 1984) (finding consumer status where bank

4

allegedly disregarded a checking account's multiple-signatory requirement). But here, Dyer presents no evidence of goods or services in connection with any of these accounts that would potentially support consumer status under Texas law. *See Riverside Nat. Bank*, 603 S.W.2d at 174 (holding that money is not a "tangible chattel," or "goods" as defined by the DTPA). Summary judgment on Dyer's DTPA claim is appropriate on this basis alone.

Even if Dyer were a consumer, however, summary judgment would be appropriate based on the absence of record evidence of any false, misleading, or deceptive act on the part of Capitol One, which is also required for this claim. Tex. Bus. & Com. Code § 17.54(4). The essence of Dyer's claim is that Capital One closed her accounts (Dkt. 1-2 at 9), which, the record evidence shows, Capital One had the right to do, at any time, for any reason. (Dkts. 80-1 at 4; 80-2; 80-3; 80-4; 80-5; 80-6; 80-7). Summary judgment is thus granted on this basis as well.

### B.     The Fiduciary Duty Claim

Summary judgment is granted on Dyer's breach of fiduciary duty claim because the requisite fiduciary relationship is absent.

Under Texas law, a breach of fiduciary claim requires: (1) a fiduciary relationship between the plaintiff and defendant; (2) that the defendant breached the fiduciary duty; and (3) that the defendant's breach resulted in injury to the plaintiff or benefit to the defendant. *See Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007) (quoting *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied)).

The relationship between a bank and its customers does not usually create a fiduciary relationship. *See E-Dealer Direct v. Bank of Am.*, N.A., No. EP-21-CV-62-DB, 2021 WL 2115299, at *5 (W.D. Tex. May 25, 2021) (citing *Davis v. West*, 317 S.W.3d 301, 312 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Under special circumstances, however, such as where the bank exerts excessive lender control or influence over the customer's business activities, a fiduciary relationship can arise. *Id.* Here, there is no evidence of excessive control or influence by Capitol One. Thus, there is no fiduciary relationship between Dyer and Capitol One. The Court grants summary judgment on Dyer's fiduciary duty claim on this basis.[2]

C.     **The Texas Debt Collection Act Claim**

Summary judgment is granted on Dyer's TDCA claim because there is no evidence of wrongful conduct as required under the TDCA.

Section 392.303 of the TDCA prohibits using "unfair or unconscionable means" to (1) obtain a written acknowledgement of debt, (2) collect a fee not authorized by the underlying agreement, or (3) collect a dishonored or unauthorized check. *See* Tex. Fin. Code § 392.303(a). Section 392.304 prohibits certain "fraudulent, deceptive, or misleading representation[s]." *Id.* at § 392.304.

Here, there is no evidence of debt collection activity, nor any wrongful acts associated with debt collection activity. Dyer's lawsuit is based on the closure of her

---

[2] Even if a fiduciary relationship existed, there is no evidence of wrongful conduct, as the account closures were within the scope of Capital One's client agreements. (Dkts. 80-1 at 4; 80-2; 80-3; 80-4; 80-5; 80-6; 80-7; 80-9).

6

accounts, which the applicable agreements between Dyer and Capital One permitted. Thus, summary judgment is granted on this claim.

## CONCLUSION

For the foregoing reasons, Capital One's Motion for Summary Judgment (Dkt. 80) is GRANTED.

SIGNED at Houston, Texas on May 22, 2023.

                                                  GEORGE C. HANKS, JR.
                                          UNITED STATES DISTRICT JUDGE